IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2015 FEB 11 PM 4: 10

VINCENT LUCAS,
    Plaintiff,

v.

AURELIO JOLIN, a.k.a. Victor Jolin, a Philippine telemarketer,

VISRAM, INC., a company incorporated in Panama, and

JOHN DOE,
    Defendants.

1:15CV108

J. BARRETT
M.J. BOWMAN

**COMPLAINT**

**JURY TRIAL DEMANDED**

**1. Violation of the Federal Telephone Consumer Protection Act (47 USC § 227, 47 CFR § 64.1200)**

**2. Violation of the Ohio Telemarketing Act (Ohio Rev. Code § 109.87) and Ohio Telephone Solicitation Act (Ohio Rev. Code § 4719)**

**3. Violation of the Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345)**

**4. Invasion of privacy by unreasonable intrusion**

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 47 USC § 227(b)(3), 47 USC § 227(c)(5), and Ohio Rev. Code § 2305.01. This venue is appropriate because all the telephone

calls described in the following paragraphs were received in Clermont County, Ohio. There are questions of law common to each of the Defendants.

## FACTS

2. In July 2002, Cincinnati Bell assigned the phone number (513) 947-1695 to my residential telephone line in Amelia, Ohio. That phone number has been assigned to my residential phone line ever since

3. The phone number (513) 947-1695 is on the national Do Not Call registry (http://donotcall.gov) and has been since July 1, 2003.

4. The Defendants do not have an "established business relationship" with me as that term is defined in 47 USC § 227(a)(2) and 47 CFR § 64.1200(f)(4) and I have not given the Defendants express invitation or permission to call me.

5. At all relevant times, the outgoing message on my answering machine for my phone at (513) 947-1695 said

> This is Vincent Lucas. This number is on the national Do Not Call registry. If you have an established business relationship with me or you are calling about a non-business related matter, you may leave a message after the tone.

## TELEMARKETING CALLS FROM VICTOR JOLIN

5. Between July 2011 and January 2013, Aurelio (Victor) Jolin (hereafter called "Victor Jolin"), doing business under the name "Qall Cord Philippines Ltd. Co.", originated 11 telemarketing calls to my residential phone line (513) 947-1695. In *Lucas v. Telemarketer Calling From (407) 476-5680 and Other Telephone Numbers, et al.*, No. 1:12CV630, S.D. Ohio ("the previous

lawsuit"), on August 27, 2013, I obtained default judgment against Qall Cord Philippines Ltd. Co. for these calls, on the basis that the calls violated the Telephone Consumer Protection Act (TCPA) and Ohio Consumer Sales Practices Act (OCSPA). That judgment is now final.

6. Victor Jolin was personally responsible for the calls that were the basis for the default judgment against Qall Cord Philippines Ltd. Co. He operated and controlled the automated calling system that originated the calls. He entered a contract with a Caller ID Name Management Service (CNAM-MS) company in the United States in order to obtain a large bank of telephone numbers to use during the calls. The CNAM-MS company sent to him reports regarding consumers who made requests not to be called again. He was the point of contact between Qall Cord Philippines Ltd. Co. and the CNAM-MS company.

7. After obtaining default judgment in the previous lawsuit, I received twelve more telephone calls to my residential phone line (513) 947-1695 offering to lower my credit card interest rate. During each call, a message was left on my answering machine using an artificial or pre-recorded voice. The message does not state the identity of the caller or the phone number from which the call was made. The name of the caller was not transmitted to my caller ID device. According to the information displayed on my Caller ID device, the calls came at the following times from the following telephone numbers: 515-207-3384 on 11/24/14 and 12/2/14; 205-409-0895 on 12/19/14, 12/23/14, 12/29/14; 786-540-0255 on 1/2/15, 1/6/15, 1/7/15, 1/16/15; 361-271-4868 on 1/14/15, 1/19/15, and 1/27/15. In each call, one of the following messages, or a slight variation thereof, was left on my answering machine:

> Message 1: This is your second and final notice to lower your credit card interest rate and payment. Press 1 now to find out the terms, conditions, and associated changes before the next billing cycle. Again, this is your final notice as it relates to the financial stimulus. So press 1 now to take advantage of this today.

3

> <u>Message 2</u>: ... account services and we're calling in reference to your current credit card account. There are no problems currently with your account. It is urgent however that you contact us concerning your eligibility for lowering your interest rate to as little as 1%. Your eligibility expires shortly so please consider this your final notice. Press the number 1 on your phone now to speak with a live operator or press the number 3 to discontinue further notices.

The wording used in these messages is virtually identical to the wording used in the messages that were the subject of the previous lawsuit.

8. On the relevant dates, the telephone numbers 515-207-3384, 205-409-0895, 786-540-0255, and 361-271-4868 were assigned by EngageTel, Inc. (a CNAM-MS company) to Visram, Inc. The point of contact between EngageTel, Inc. and Visram, Inc. is Victor Jolin.

9. Victor Jolin, acting as an agent of Visram, Inc., originated each of the calls described in ¶ 7. He operated and controlled the automated calling system that originated the calls.

10. On information and belief, Victor Jolin receives revenue from EngageTel for each time that a telephone company makes a query into EngageTel's CNAM database to find out the name to display on the consumer's caller ID device for one of the telephone numbers assigned by EngageTel to Victor Jolin or Visram, Inc. Many telephone companies make a query into EngageTel's database each time that one of the telephone company's customers receives a telephone call that uses one of EngageTel's telephone numbers. Although the revenue is only a fraction of a cent per call, Jolin makes substantial revenue by indiscriminately making millions of calls to U.S. telephone consumers. Jolin makes this revenue even if the consumer rejects the sales pitch or does not even answer the phone.

## TELEMARKETING CALLS FROM JOHN DOE

11. John Doe's true identity is not known at this time. John Doe does business under the name "Made In America Carpet Cleaning and Restoration".

12. I have received six calls originated by John Doe to my residential phone line (513) 947-1695. During each call, a message was left on my answering machine using an artificial or pre-recorded voice. The message does not state the identity of the caller, except that in four of the calls, the caller calls himself "Dustin". The name of the caller was not transmitted to my caller ID device. The calls came on the following dates: 9/3/14, 9/19/14, 10/8/14, 11/8/14, 11/19/14, and 12/12/14. In two of the calls, the following message was left on my answering machine:

> Hello. Are your carpets dirty? Has winter and spring beat up your furniture? Well, for a limited time, we will clean as many rooms as you like for as low as $9.95 per room. That's right. As low as $9.95 per room. And of course hallways, closets, and bathrooms are always free. We are also having super cleaning specials on our furniture cleaning, our oriental rug cleaning, our hardwood floor cleaning, our tile and grout cleaning, and our airduct cleaning. If you would like to hear more about our super cleaning specials, or if you would like to schedule an appointment, please call 469-277-7276. Thank you and have a very clean day.

In the other four calls, the following message was left on my answering machine:

> Hello. Are your carpets dirty? This is Dustin with the carpet, tile, and furniture cleaning experts. And, for a limited time, we will clean as many rooms as you like for as low as $9.95 per room. That's right. As low as $9.95 per room. And of course hallways, closets, and bathrooms are always free. We are also currently having super fall and winter cleaning specials on our furniture cleaning, our oriental rug cleaning, our hardwood floor cleaning, our tile and grout cleaning, and our airduct cleaning. If you would like to hear more about our super fall and winter cleaning specials, or if you would like to schedule an appointment, please call 513-334-8036. Thank you and have a very nice day.

13. My Caller ID displayed a different telephone number for each call originated by John Doe described in ¶ 12, namely: 513-718-0485, 513-718-0494, 513-718-0507, 513-718-0622, 513-718-0586, and 502-353-4485. On information and belief, these telephone numbers are not the actual numbers from which John Doe originated the calls. John Doe intentionally transmitted, or caused the transmission of, false Caller ID information to me.

## CAUSES OF ACTION

### VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), OHIO TELEMARKETING ACT, AND OHIO TELEPHONE SOLICITATION ACT

14. Each telemarketer willfully violated the Federal Telephone Consumer Protection Act and Ohio Telephone Solicitation Act by the actions described in the proceeding paragraphs. Namely,

- the telephone calls were made to a residential line using an artificial voice (47 USC § 227(b)(1)(B));
- the calls were made to a number listed on the national Do Not Call registry (47 USC § 227(c));
- the calls did not state the identity and telephone number or address of the entity making the call (47 USC § 227(d)(3)(A), Ohio Rev. Code § 4719.06);
- the calls were made by an entity that is not registered as a telemarketer in Ohio (Ohio Rev. Code 4719.02); and
- the Defendant knowingly caused the caller identification system to transmitted false information during some of the calls (47 USC § 227(e))

15. The Defendant also violated the Ohio Telemarketing Act at Ohio Rev. Code § 109.87(B)(1) by these actions.

16. Victor Jolin knowingly caused the caller identification system to transmit false information during each of the calls (47 USC § 227(e)). Jolin transmits false information as part of an effort to defraud, cause harm, and wrongfully obtain something of value by attempting to mislead the consumer into believing that the call is coming from a U.S. company with whom the consumer already has a line of credit. Jolin also transmits the false information in order to wrongfully obtain something of value by obtaining revenue from EngageTel, Inc. by making it appear that his unlawful telemarketing calls originated from telephone numbers allocated to him by EngageTel, Inc.

17. John Doe knowingly caused the caller identification system to transmit false information during each of his calls (47 USC § 227(e)). John Doe transmits the false information as part of an effort to defraud, cause harm, or wrongfully obtain something of value. The transmission of false caller ID telephone number by John Doe caused harm because it allowed him to circumvent technology available to consumers for blocking unwanted telemarketing calls, thereby violating the consumer's right, provided by 47 USC § 227(c), not to be called. Various equipment and services are available to consumers that block telephone calls from specific telephone numbers. The consumer specifies which telephone numbers to block. However, John Doe used a different telephone number every time he called me. As a result, the technology for blocking specific telephone numbers is ineffective in blocking the telemarketer's unwanted calls.

VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT

18. Each call described in this Complaint is a "consumer transaction" under Ohio Rev. Code § 1345.01. Each call was a solicitation to supply a service to me for purposes that are primarily personal, family, or household.

19. Each Defendant is a "supplier" under Ohio Rev. Code § 1345.01. Each Defendant is in the business of soliciting consumer transactions.

20. Each call originated by Victor Jolin was deceptive, unfair, and unconscionable and violated Ohio Rev. Code § 1345.02(A). Namely,

   a. The calls are designed to deceive the consumer into believing that the consumer already has a credit account with the telemarketer or company that the telemarketer is calling on behalf of.

   b. The pre-recorded message does not disclose the fact that the purpose of the call is to effect a new sale (in violation of Ohio Admin. Code § 109:4-3-11, 16 CFR § 310.4(d)(2)) and does not disclose the nature of the goods or services (violating 16 CFR § 310.4(d)(3)). The pre-recorded message instead leads the consumer to believe that the call is from an existing creditor, who might be offering to modify the terms of an existing line of credit.

   c. The telephone calls do not disclose the identity of the seller in violation of 16 CFR § 310.4(d)(1).

   d. The telephone calls were made using a pre-recorded voice in violation of 16 CFR § 310.4(b)(v).

   e. The telephone calls were placed to a number on the U.S. Do-Not-Call registry in violation of 16 CFR § 310.4(b)(iii)(B) and the Defendants did not honor my do-not-call request, expressed in my answering machine's outgoing message.

   f. The calls were made by an entity that is not registered as a telemarketer under Ohio Rev. Code 4719.02).

21. Each call originated by John Doe was deceptive, unfair, and unconscionable and violated Ohio Rev. Code § 1345.02(A). Namely,

   a. The telephone calls do not disclose the identity of the seller in violation of 16 CFR § 310.4(d)(1).
   b. The telephone calls were made using a pre-recorded voice in violation of 16 CFR § 310.4(b)(v).
   c. The telephone calls were placed to a number on the U.S. Do-Not-Call registry in violation of 16 CFR § 310.4(b)(iii)(B) and the Defendants did not honor my do-not-call request, expressed in my answering machine's outgoing message.
   d. The calls were made by an entity that is not registered as a telemarketer under Ohio Rev. Code 4719.02).

22. A Google internet search for 469-277-7276 leads to the internet site http://http://madeinamericaclean.wix.com/cleaningrestoration. That internet site advertises the services of John Doe's carpet cleaning business "Made In America Cleaning and Restoration" and says that the company can be reached at 469-277-7276. On information and belief, this internet site was created by John Doe and John Doe has control over the contents of the internet site.

23. The internet site claims that John Doe's carpet cleaning business is a "BBB Accredited Business". In truth, John Doe's carpet cleaning business is not accredited by the BBB.

24. John Doe's assertion that his carpet cleaning business is a "BBB Accredited Business" is false advertising in violation of Ohio Rev. Code § 1345.02(A).

## INVASION OF PRIVACY

25. The persistent, unwanted telephone calls made by the Defendants as described herein invaded my right to privacy by unreasonable intrusion into the solitude and seclusion of his home.

## VICARIOUS LIABILITY

26. Visram, Inc. is vicariously liable for each call originated by Victor Jolin described in ¶ 7. Each call was originated by Victor Jolin as an agent of Visram, Inc.

## PERSONAL LIABILITY OF VICTOR JOLIN IN THE PREVIOUS LAWSUIT

27. Qall Cord Philippines Ltd. Co. is an alter ego for Victor Jolin. All of the acts of Qall Cord Philippines Ltd. Co. that were the basis for the default judgment in the previous lawsuit were the acts of Victor Jolin.

28. Qall Cord Philippines Ltd. Co. is not registered as a foreign corporation in Ohio, Wyoming, Missouri, or, to my knowledge, any other state. Qall Cord Philippines Ltd. Co. failed to follow any of the corporate formalities necessary to be recognized as a corporation or limited liability company in the United States, Ohio, Missouri, Wyoming, or, to my knowledge, any other state.

## CIRCUMSTANCES WHICH JUSTIFY TREBLE AND PUNITIVE DAMAGES

29. The Defendants performed the actions described in the preceding paragraphs willfully and knowing that the actions violate the TCPA and Ohio law. The Defendants performed these actions with the purpose of deriving profit from causing tortious injury, namely invading my right to privacy, and the Defendants should have reasonably expected that their actions would

cause this injury. The Defendants performed these actions with willful, reckless disregard of my rights, and hence the actions demonstrate malice.

WHEREFORE, the Plaintiff asks that the Court grant him all the following relief:

1. Award the Plaintiff $1500 for each violation of 47 USC § 227(b), $1500 for each call which violated 47 USC § 227 (c), and $200 for each violation of Ohio Rev. Code § 1345.02. See 47 USC § 227(b)(3), § 227(c)(5), Ohio Rev. Code § 1345.09(B), and *Charvat v. NMP, LLC*, 656 F. 3d 440, 448-452 (6th Cir 2011). Each pre-recorded telemarketing call contains at least four distinct violations of Ohio Rev. Code § 1345.02.
    a. Victor Jolin owes $45,600 for the telemarketing calls described in ¶ 7.
    b. Visram, Inc. is jointly and severally liable for the telemarketing calls described in ¶ 7.
    c. John Doe owes $22,800 for the six telemarketing calls, plus at least $200 for the false advertising described in ¶¶ 23-24.
2. Find that Victor Jolin is personally liable for the telemarketing calls of Qall Cord Philippines Ltd. Co. for which I obtained a default judgment in the previous lawsuit.
3. Award the Plaintiff costs, attorney fees, and interest.
4. Issue a permanent order requiring each Defendant to pay the Plaintiff $1500 each and every time in the future that they call the Plaintiff plus an additional $1500 each time that they call using an artificial or pre-recorded voice, or permanent injunction prohibiting each Defendant from violating 47 USC § 227, Ohio Rev. Code § 4719, or Ohio Rev. Code § 1345

5. Such further relief as may be appropriate.

Respectfully submitted,

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff