UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,                          Case No. 1:15-cv-108

      Plaintiff,                          Black, J.
                                        Bowman, M.J.

  v.

AURELIO JOLIN, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

      The above captioned case, like an earlier closely related case filed by the same Plaintiff,[1] involves Plaintiff's allegations of illegal telemarketing practices. Pursuant to local practice, this case has been referred to the undersigned magistrate judge for pretrial management and for initial consideration of any dispositive matters by report and recommendation ("R&R"). Currently pending before the undersigned are two motions: (1) a motion for default judgment against Defendant Kevin Jay Calvin; and (2) a motion for leave to amend Plaintiff's complaint. The discussion of this R&R is limited to the motion for default judgment; the motion for leave to amend is addressed by separate order filed herewith.

---

[1]*See Lucas v. Telemarketer Calling From (407) 476-5680 and Other Telephone Numbers*, Case No. 1:12-cv-630. The undersigned recently stayed all further proceedings in Case No. 1:12-cv-630 pending an anticipated FCC ruling on a petition filed by Plaintiff. (Doc. 178). Plaintiff has filed objections to that order, as well as to a Report and Recommendation filed the same date. (Doc. 181). Thos objections remain pending before the presiding district judge.

1

**I. Background**

Seeking monetary damages and injunctive relief, Plaintiff initiated this litigation *pro se* eight and a half months ago, on February 11, 2015, naming three Defendants: Victor Jolin, a Philippine telemarketer; Visram, Inc., a company incorporated in Panama; and "John Doe."

On June 9, 2015, Plaintiff filed his first amended complaint in this case, identifying the "John Doe" as an individual Defendant named Kevin Jay Calvin, d/b/a "Made in America Cleaning and Restoration." On June 23, 2015, summons was issued to Defendant Calvin, and on July 2, 2015, summons was returned as executed on that Defendant. (Docs. 12, 14). When Defendant Calvin failed to answer or respond by July 17, 2015 as required, Plaintiff filed an application for the entry of default. On July 22, 2015, an entry of default was filed against Defendant Kevin Jay Calvin. (Docs. 16, 17).

On July 27, 2015, the Court granted Plaintiff's renewed motion to serve Philippine Defendant, Aurelio Jolin (a/k/a Victor Jolin), by email. (Doc. 19). When Defendant Jolin also failed to timely answer or respond, Plaintiff filed an application for the entry of default against that Defendant as well. On August 20, 2015, an entry of default was filed against Jolin. Plaintiff has yet to move for entry of judgment against Defendant Jolin, although it appears unlikely that Plaintiff would be able to collect on any such judgment against a Philippine Defendant who has declined to appear.[2]

---

[2]This case makes clear that Plaintiff has not been successful in satisfying a prior default judgment against Phillipine Defendant Qall Cord, obtained in Case No. 1:12-cv-630. Part of the complaint against Jolin seeks to hold Jolin personally liable for the prior default judgment, notwithstanding that Jolin was not a named defendant in 12-cv-630. (Doc. 10, Amended Complaint at ¶¶6-10, 32 and at page 12-13). The instant complaint also alleges that Jolin made new telemarketing calls through Visram Inc.

The status of service as to Defendant Visram Inc., the Panamanian company identified by Plaintiff, also remains unclear. No proof of service has yet been returned, Plaintiff has not yet made any application for entry of default, and Visram has not yet appeared.

Plaintiff's first amended complaint added new claims against new Defendant Starion Energy Inc., a Delaware corporation. The fourteen calls alleged to have been made by Starion Energy Inc. were alleged to have begun shortly before the original complaint was filed, but continued well after the original complaint was filed. However, on September 17, 2015, Plaintiff filed a "Notice of Voluntary Dismissal of Claims Against Starion Energy Inc." (Doc. 28).

On September 21, 2015, Plaintiff filed the pending motion for leave to file a second amended complaint, (Doc. 29), which motion has been granted by separate order filed this same day.

## II. Analysis of Pending Motion for Default Judgment

Plaintiff recently filed his first motion for a default judgment against individual Defendant, Kevin Jay Calvin. Plaintiff's first amended complaint alleges receipt of six calls from Calvin (Doc. 10 at ¶12), and that each call resulted in a message being left on Plaintiff's voicemail and/or answering machine using an artificial or prerecorded voice.

By way of background, in Case No. 1:12-cv-630, Plaintiff sequentially moved for the entry of default judgment on three separate occasions. On the first of those occasions, the undersigned recommended that Plaintiff's motion for default judgment against foreign defendant Qall Cord Philippines Ltd. be granted. (Doc. 37). Modifying

3

the recommendation only to increase the calculation of damages, the presiding district judge adopted that R&R on August 27, 2013. (Doc. 51).

Faced with a second motion, on August 13, 2014, the undersigned took a different stance, recommending based upon the procedural posture of Case No 1:12-cv-630 that Plaintiff's unopposed motion for entry of default judgment against that defendant be denied, but without prejudice to renew at the conclusion of the case. (Doc. 121). In recommending the denial of entry of multiple "piecemeal" default judgments, the undersigned relied upon Chief Judge Sargus's opinion in a similar case alleging illegal telemarketing practices against multiple defendants, *Charvat v. DFS Services LLC*, 781 F. Supp. 2d 588 (S.D. Ohio 2011)(citing "preferred practice" in Sixth Circuit). The undersigned pointed out that the same rule (against entry of piecemeal default judgments) had been applied in other recent cases in this district. *See, e.g.*, *Alig-Mielcarek v. Jackson,* 2013 WL 6000975 (S.D. Ohio Nov. 12, 2013)(quoting *Kimberly v. Coastline Coal Corp.,* 857 F.2d 1474 (6th Cir. 1988)(Table, per curiam)); *Concheck v. Barcroft*, 2011 WL 3359612, at *10 (S.D. Ohio Aug. 3, 2011); *Penn-Star Ins. Co. v. Barr-Bros. Plastering Co., Inc.,* 2011 WL 795062, at *2 (S.D. Ohio Feb. 28, 2011). Last, the undersigned reasoned that "[b]oth the number of prior amendments to Plaintiff's complaint and influx of new defendants over time, as well as the likelihood of another motion for default judgment in the near future, counsel against a piecemeal approach and in favor of the procedural rule preferred since *Frow [v. De La Vega*, 82 U.S. 552, 554 (1872)]." (Doc. 121 at 3).

On October 16, 2014, the presiding district judge rejected the undersigned's recommended approach and granted Plaintiff's second motion for entry of default

judgment for both monetary and injunctive relief against the defaulting defendant. (Doc. 130). Judge Spiegel[3] acknowledged Judge Sargus's contrary approach in *Chavret* "[w[ith due respect," but found *Chavret* at least partially distinguishable on grounds that the defendants therein were more "similarly situated" than were the defendants in Case No. 1:12-cv-630, which involved distinctly different "vicarious liability" theories against the Accuardi defendants, and more direct telemarketing claims against other defendants alleged to have made the offending calls. (Doc. 130 at 3-4). Judge Spiegel also disagreed with Judge Sargus's and the undersigned's interpretation of Sixth Circuit case law as supporting a "preferred practice" to avoid multiple entries of default judgment. *See also Penn-Star Ins. Co. v. Barr-Bros. Plastering Co., Inc.*, No. 2:10-cv-587, 2011 WL 795062 (S.D. Ohio Feb. 28, 2011)(Marbley, J.)(same). Even if the practice is "preferred" in the Sixth Circuit, Judge Spiegel concurred with Plaintiff that "deeming a practice 'preferred' does not mean that 'a different practice can never be used.'" (Doc. 130 at 5, emphasis original, internal citation omitted). Last, noting that Rule 54(b) provides that when multiple parties are involved, a trial court "may direct entry of a final judgment as to one or more, but fewer than all, parties only if the court expressly determines that there is no just reason for delay," Judge Spiegel found that if judgment against the defaulting defendant were postponed, "Plaintiff may lose what little ability he has to collect against it," given the existence of a public record evincing prior judgments against the same defendant.

Based upon Judge Spiegel's clear preference to allow Plaintiff's sequential motions for default approach in Case No. 1:12-cv-630, the undersigned subsequently

---

[3]After Judge Spiegel passed away, this case was reassigned to U.S. District Judge Timothy S. Black.

5

granted Plaintiff's third motion for entry of default judgment against Defendant Edwin Adquilen Valbuena Jr., an individual who was alleged to reside in the Philippines. (Docs. 139, 150).

In his first motion for entry of default judgment in the present case, Plaintiff urges this Court to continue to follow Judge Spiegel's reasoning and to reject the contrary approach of *Chavret, et al.* "Following this Court's precedent in *Lucas v. Telemarketer Calling From (407) 476-5680 and Other Telephone Numbers, et al.,* No. 1:12CV630, Order and Opinion, Doc. 130 (Oct. 16, 2014), this Court should award $3800 per call. …I request an addition [of] $200 for one count of false advertising in violation of the Ohio Consumer Sales Practices Act." (Doc. 27 at 2). Plaintiff argues that his claims against Calvin "are clearly independent of all other claims in this case." Additionally, Plaintiff relies upon the "very likely" risk of insolvency if judgment is delayed, noting that in April of this year, "[d]efault judgment has been entered against Calvin…for $949,245" in a telemarketing case brought against the same defendant by the State of Texas, which case involved allegations that Calvin made more than 21,000 illegal calls to Texas residents.

The undersigned remains convinced of the merits of the approach taken by the Sixth Circuit and the other cases previously cited, including but not limited to *Chavret*, that counsel against a piecemeal approach and sequential entries of default judgment. The undersigned further notes that Plaintiff has not alleged as distinctive theories against the multiple defendants in the present case as he did in Case No. 1:12-cv-630, providing a less compelling reason to depart from *Chavret* in favor of Judge Spiegel's approach. Nevertheless, the recent entry of a nearly million dollar judgment against the

6

same Defendant in the Texas case provides an adequate basis <u>alone</u> for departing from *Chavret*.[4] Therefore, the undersigned will recommend granting Plaintiff's unopposed motion for entry of default judgment against Defendant Calvin.

Plaintiff also urges adoption of the approach taken in 1:12-cv-630 in calculating the amount of damages to be imposed. Specifically, Plaintiff seeks $3,000 in federal statutory damages, computed as including $1,500 (triple damages) for a willful and knowing violation of the TCPA's automated-call requirement (47 U.S.C. §227(b)(3)), plus $1,500 (triple damages) for a willful and knowing violation of the TCPA's Do-Not-Call list (47 U.S.C. §227(c)(5)). In addition, Plaintiff apparently seeks $800 ($200 per violation) for four distinct violations of the Ohio Consumer Sales Protection Act ("OSCPA"), Ohio Rev. Code §1345.09(B)). Distinct injuries found by Judge Spiegel in 1:12-cv-630 relating to the calls to a number on the national Do-Not-Call registry were failing to disclose the identity of the seller, failing to disclose the purpose of the call was to effect a new sale, failing to register in Ohio as a telemarketer, and failing (as a nonresident telemarketer) to engage an Ohio resident to act as its statutory agent for service of process. Together, Judge Spiegel determined that the injuries warranted an additional $800 per call penalty under the OSCPA.

Judge Spiegel also granted injunctive relief under Ohio Rev. Code §4719.15(A). While disagreeing with Plaintiff's view that the Ohio statute mandates the imposition of injunctive relief, Judge Spiegel found a permanent injunction against the offending telemarketer to be "a suitable remedy" on the facts presented. However, contrary to the

---

[4]The undersigned expresses no view on disposition of any future motions for entry of default judgment against Defendant Jolin or Defendant Visram in this case.

7

approach urged by Plaintiff in this case, the Court did not impose any prospective "liquidated" damages for any future violations of its injunction.

In the first amended complaint filed in the instant case, Plaintiff claims similar violations of Ohio's laws to those asserted against the defaulting defendants in Case No. 1:12-cv-630.  For example, Plaintiff alleges that Defendant Calvin violated Ohio laws requiring the disclosure of the identity of the seller, transmitted false information to a caller identification system, and failed to register in Ohio as a telemarketer,  (See generally, Doc. 10 at ¶¶ 18, 20, 25, 26, 27, 28, 29).  Plaintiff specifically alleges that in each of the six calls place by Calvin, d/b/a Made in America Cleaning and Restoration, a message identical or substantially similar to the following message was left on Plaintiff's answering machine:

> Hello. Are your carpets dirty? Has winter and spring beat up your furniture? Well, for a limited time, we will clean as many rooms as you like for as low as $9.95 per room. That's right. As low as $9.95 per room. And of course hallways, closets, and bathrooms are always free. We are also having super cleaning specials on our furniture cleaning, our oriental rug cleaning, our hardwood floor cleaning, our tile and grout cleaning, and our airduct cleaning. If you would like to hear more about our super cleaning specials, or if you would like to schedule an appointment, please call 469-277-7276. Thank you and have a very clean day.

(Doc. 10 at ¶12).  The complaint states that "Kevin Jay Calvin intentionally transmitted, or caused the transmission of, false Caller ID information to me." (*Id.* at ¶13).  Plaintiff further alleges that, after conducting a Google search to locate the website associated with the telephone number listed in the message, Plaintiff discovered that Defendant Calvin deliberately misrepresents his business as "BBB Accredited" on his website when in fact it is not so accredited.

In calculating the damages to be determined as part of the default judgment against Defendant Calvin, the undersigned is limited to what has been alleged by Plaintiff in his complaint against that Defendant. In contrast to Case No. 1:12-cv-630, it does not appear that Plaintiff has specifically alleged that Defendant Calvin failed to disclose the purpose of the call was to effect a new sale, and the above transcript of the prerecorded message would suggest that the purpose of the call was in fact to effect a new sale. Nevertheless, Plaintiff does cite the following four violations by Defendant Calvin in his first amended complaint:

> Each call originated by Kevin Jay Calvin was deceptive, unfair, and unconscionable and violated Ohio Rev. Code § 1345.02(A). Namely,
>
> a. The telephone calls do not disclose the identity of the seller in violation of 16 CFR § 310.4(d)(1).
>
> b. The telephone calls were made using a pre-recorded voice in violation of 16 CFR § 310.4(b)(v).
>
> c. The telephone calls were placed to a number on the U.S. Do-Not-Call registry in violation of 16 CFR § 310.4(b)(iii)(B) and the Defendants did not honor my do-not-call request, expressed in my answering machine's outgoing message.
>
> d. The calls were made by an entity that is not registered as a telemarketer under Ohio Rev. Code 4719.02).

(Doc. 10 at ¶26). The undersigned finds the above allegations to be sufficient to support an award of $3800 per call, for the reasons previously expressed in Case No. 1:12-cv-630.

Plaintiff seeks an additional $200 per call based upon the alleged violation of Ohio's "false advertising" law. Although Plaintiff does not allege that Defendant Calvin directed any advertising specifically to Plaintiff, Plaintiff alleges that he discovered a

9

false advertising claim made by Defendant Calvin on a website located by Plaintiff following a Google search of the telephone number listed on his answering machine. With all due respect to Plaintiff, the undersigned is reluctant to interpret Ohio law to support such a novel claim presented in the context of a default judgment, in the absence of clear authority that conducting research and locating an allegedly "false" claim on a website entitles Ohio consumers to sustain a private cause of action for damages.

For similar reasons, while the undersigned is willing to recommend injunctive relief consistent with that previously granted to Plaintiff in Case No. 1:12-cv-630, the undersigned declines to recommend a prospective liquidated damages penalty for any future violation by Defendant Calvin of that injunction.

### III. Conclusion and Recommendation

Accordingly**, IT IS RECOMMENDED THAT:**

1. Plaintiff's unopposed motion for default judgment against Defendant Calvin (Doc. 27) be GRANTED;

2. Defendant be directed to pay Plaintiff damages in the amount of $22,800 ($3,800 x 6 calls), with interest to be paid at the statutory rate until said judgment is satisfied.  Further, Defendant Calvin and his employees, agents and aliases, and all other persons acting directly or indirectly in concert with Defendant Calvin, should be permanently enjoined from engaging in any unfair, deceptive, or unconscionable act or practice in violation of the federal Telemarketing Sales Rule, 16 C.F.R. § 310, or the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, or Ohio's Consumer Sales Protection Act, Ohio Rev. Code §§ 1345.01 *et seq.*, or Ohio's Telephone Sales

Solicitation Act, Ohio Rev. Code §§ 4719.01 *et seq.*, as well as the related provisions of the Ohio Administrative Code;

     3.  Consistent with Plaintiff's "Notice of Voluntary Dismissal of Claims Against Starion Energy Inc," (Doc. 28), all claims be dismissed against that Defendant.

     *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| VINCENT LUCAS, | Case No. 1:15-cv-108 |
| Plaintiff, | Black, J.<br>Bowman, M.J. |
| v. | |
| AURELIO JOLIN, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).