UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT LUCAS, | : | Case No. 1:15-cv-108 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| Aurelio Jolin et al., | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 85)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on July 15, 2016, submitted a Report and Recommendation.  (Doc. 85).  Plaintiff filed an objection on August 1, 2016.  (Doc. 86).[1]

---

[1] In his second amended complaint, Plaintiff requested that the Court declare Defendant Aurelio Jolin (also known as Victor Jolin) personally liable for a judgment Plaintiff received against a company called Qall Cord Philippines Limited Co. in a different case before the Southern District of Ohio, case No. 1:12-cv-630.  (Doc. 32, at 17).  The Magistrate Judge's Report and Recommendation recommended denying that relief, which is the only portion of the Report and Recommendation to which Plaintiff objects.  Plaintiff's objections are not well taken.  The Report and Recommendation correctly asserts that Jolin, who was not personally named in the earlier lawsuit, was not given an opportunity to defend against any claim of personal liability, and therefore cannot be held liable for the prior judgment.  Plaintiff alternatively argues that this claim can be viewed as a post-judgment action to "pierce the corporate veil" of Qall Cord Philippines Limited Co.  However, as the Report and Recommendation explains, Plaintiff has not alleged a sufficient factual basis for finding a connection between Jolin and Qall Cord to find liability.

1

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby adopted.[2]  Accordingly, **IT IS ORDERED** that:

1) Plaintiff's most recent unopposed motion for default judgment against Defendants Aurelio "Victor" Jolin, Visram, Inc., Shawn Wolmuth and Premium Outsourced Solutions, Inc. (Doc. 82) is **GRANTED;**

2) The prior motion for summary judgment and prior motion for default judgment (Docs. 68, 69) is **DENIED AS MOOT**;

3) Defendants Aurelio "Victor" Jolin, Visram, Inc., Shawn Wolmuth and Premium Outsourced Solutions, Inc. are ordered to pay Plaintiff damages in the total amount of $45,600, together with costs, with interest to be paid at the statutory rate from the date of final judgment until said judgment is satisfied[3]; and

4) Defendants and their employees, agents and aliases, and all other persons acting directly or indirectly in concert with Defendants, are permanently enjoined from engaging in any unfair, deceptive, or unconscionable act or practice in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, or Ohio's Consumer Sales Protection Act, Ohio Rev. Code §§ 1345.01 et seq., or Ohio's Telephone Sales Solicitation Act, Ohio Rev. Code §§ 4719.01 et seq., as well as the related provisions of the Ohio Administrative Code.

**IT IS SO ORDERED.**

Date:   9/19/16                                                            *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge

---

[2] This Order does not adopt the Report and Recommendation in its entirety.  The Report and Recommendation recommended that the case be closed, as all pending motions would be resolved.  However, since the filing of the Report and Recommendation, Plaintiff has filed a motion to compel that remains pending.  (Doc. 87).  Accordingly, it is inappropriate to close the case at this time.

[3] All four Defendants are jointly and severally liable for this award.