UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,                          :     Case No. 1:15-cv-108
                                        :
        Plaintiff,                      :     Judge Timothy S. Black
                                        :     Magistrate Judge Stephanie K. Bowman
vs.                                     :
                                        :
AURELIO JOLIN, *et al.*,                :
                                        :
        Defendants.                     :


**DECISION AND ENTRY
PARTIALLY ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 101)**


## I.      INTRODUCTION

This case is before the Court pursuant to the Order of General Reference in the

United States District Court for the Southern District of Ohio Western Division to United

States Magistrate Judge Stephanie K. Bowman.  Pursuant to such reference, the

Magistrate Judge reviewed the pleadings filed with this Court and, on January 24, 2017,

submitted a Report and Recommendations.  (Doc. 101).  Petitioner filed objections to the

Report and Recommendations on February 7, 2017.  (Doc. 102).

Plaintiff is a serial pro se litigant who has filed several cases in this district seeking

judgments against various individuals and corporate entities alleging that he has been the

recipient of unauthorized telemarketing phone calls in violation of the Federal Telephone

Consumer Protection Act and related Ohio law.  Through his efforts, Plaintiff has

acquired judgments against several parties across his multiple cases totaling tens of

1

thousands of dollars, although many of these awards have come through default judgments. In this case, Plaintiff has won two default judgments that are relevant for purposes of evaluating the magistrate judge's report and recommendations: a default judgment against Defendant Kevin Calvin in the amount of $22,800 with costs (Doc. 38) and a default judgment against Defendants Shawn Wolmuth and Premium Outsourced Solutions, Inc. for a total amount of $45,600 with costs (Doc. 89)[1].

The magistrate judge's report and recommendations outlines a recommended disposition for three motions filed by Plaintiff and currently pending in this case: 1) Plaintiff's motion for contempt filed November 16, 2016 (Doc. 95), 2) Plaintiff's ex parte motion for writ of garnishment filed January 11, 2017 (Doc. 99), and 3) Plaintiff's amended motion for discovery in aid of execution of judgment filed January 12, 2017 (Doc, 100). The Court will address each of these motions in turn.

## II.     ANALYSIS

### A.     Plaintiff's motion to compel

Plaintiff's first motion is a motion for contempt filed against nonparty Waycross South Properties, LLC ("Waycross"). (Doc. 95). Waycross leases commercial office space in Cincinnati, Ohio, and at one time leased space to Defendant Kevin Calvin. As part of his efforts to collect on his default judgment against Defendant Calvin, Plaintiff issued a subpoena to Waycross on June 10, 2016 seeking various information about Calvin, including any lease application forms filled out by Calvin, Calvin's last known

---

[1] The burden of this $45,600 default judgment is shared with Defendant Aurelio "Victor" Jolin. (Doc. 89).

address and telephone number, Calvin's social security number, and more.  (Doc. 87-1, at

3).  Waycross did not respond to the subpoena, and Plaintiff filed a motion to compel on

August 26, 2016 asking the Court to both compel Waycross to respond and to order a

sanction requiring Waycross to pay Plaintiff $300 plus $50 for each day until compliance

with the subpoena.  (Doc. 87).

The magistrate judge issued an Order on October 6, 2016 granting Plaintiff's

motion to compel in part.  (Doc. 90).  The Order compelled Waycross to respond to the

subpoena by October 20, 2016, but issued no sanctions.  (*Id.* at 9).  The subpoena was

reissued via mail to the P.O. Box registered to Waycross's statutory agent and a second

copy was sent to Waycross's corporate address.

Waycross has yet to respond to the subpoena.  Plaintiff filed a motion for

contempt against Waycross on November 16, 2016.  In that motion, Plaintiff represented

that he personally spoke with whom he believed to be Waycross's agent on the phone,

and that the agent indicated that Waycross would not be honoring the subpoena, stating "I

am not interested in dealing with you!"  (Doc. 95, at 1).  Plaintiff's motion reiterated his

request for a daily fine to be issued against Waycross in order to "coerce obedience,"

citing previous cases where this Court and others had imposed similar sanctions.  (*Id.* at

3).

The magistrate judge's report and recommendations recommends that Plaintiff's

motion for contempt against Waycross be denied.  The report and recommendations

expressed four "serious concerns" regarding the issuance of a contempt Order and/or

sanctions: (1) the contempt enforcement of a subpoena against a non-party that was never

personally served; (2) the redundant nature of the information sought from this particular non-party in light of a subpoena previously served upon third party TransUnion; (3) the general prohibition against allowing post-judgment discovery of third parties to turn into "a means of harassment" of the non-party; (4) general principles of proportionality applied to this case. (Doc. 101, at 9). The Court agrees with the magistrate judge's analysis, and is particularly concerned by the harassment and proportionality issues raised by the report and recommendation.

Plaintiff's objections argue that Waycross is in fact in violation of a Court order, and that his attempts to see that Order enforced cannot logically be viewed as "harassment." Plaintiff further argues that his request for daily fines is fair recompense for the many hours he has spent on motions resulting from Waycross's refusal to comply with a subpoena. (Doc. 102, at 4). The Court does not agree. Plaintiff has personally visited the statutory agent of Waycross (Doc. 87, at 2) and telephoned a man believed to be the same individual (Doc. 95, at 1) seeking answers about the subpoena. Plaintiff has a right to the information sought in the subpoena, and Waycross is required to comply. However, the Court has discretionary authority in the area of sanctions. In examining the circumstances surrounding this case from the perspective of Waycross, where Waycross has been repeatedly contacted by a man who is not a lawyer but claims to have a right to receive detailed personal information related to a former client, Waycross's reluctance to comply with the document that man alleges to be a subpoena is understandable, particularly if Waycross's statutory agent is not himself well versed in the law. Sanctions are therefore are inappropriate at this time.

The magistrate judge's report and recommendation proposed a solution which the Court believes will appropriately put Waycross on notice of its legal requirement to comply with the subpoena and deliver to Plaintiff the information he seeks. The Court will order the United States Marshal to personally serve the registered statutory agent of Waycross with a copy of the subpoena, as well as the magistrate judge's October 6, 2016 order to compel (Doc. 90), the magistrate judge's most recent report and recommendations (Doc. 101), and this Order (at the Court's expense). By taking this course of action, both Plaintiff and the Court can be assured that Waycross has been served and is on notice regarding its obligations.

The Court closes its analysis of Plaintiff's motion for contempt by noting for the record that Waycross South Properties, LLC will not be permitted to indefinitely ignore a validly issued subpoena from this Court. Should Waycross continue to disregard this Court's order following personal service from the U.S. Marshal, the question of monetary sanctions *may* be appropriate to revisit at a later date. However, at this time such a course of action would be too extreme given Waycross's status as a third party with no direct connection to the underlying activity forming the basis for Plaintiff's claims.

Accordingly, Plaintiff's motion for contempt (Doc. 95) is denied.

**B.      Plaintiff's ex parte motion for writ of garnishment**

Plaintiff's second motion is an ex parte motion for writ of garnishment of property other than personal earnings. (Doc. 99). The motion named Defendants Premium Outsourced Solutions Inc. ("POS") and Shawn Wolmuth as judgment debtors and named Fifth Third Bank as the garnishee. In the memorandum in support of this motion,

Plaintiff argued that filing the motion ex parte was permitted by Ohio law governing garnishment filings and that ex parte filing was necessary to prevent giving the judgment debtors the opportunity to remove money from the targeted accounts prior to garnishment. (Doc. 99, at 2–3). The motion is supported by an affidavit from Plaintiff attesting that Fifth Third Bank "may have in [its] control money, property, or credits, other than personal earnings, of the judgment debtor." (Doc. 99-3, at 1).

The report and recommendation recommends denial of Plaintiff's motion for garnishment on two grounds. The first is that the motion was procedurally improper for being filed ex parte. However, as Plaintiff's objections correctly argue, this Court is bound by the Federal Rules of Civil Procedure to evaluate motions for garnishment pursuant to the laws of the state in which it is located, absent a federal statute dictating a divergent standard for garnishment motions. Fed. R. Civ. P. 64, 69. In Ohio, motions for garnishment may be properly filed ex parte; a judgment debtor is notified of the garnishment at the same time the garnishment Order is sent to the garnishee. *See* O.R.C. § 1716.13 (B), (C). While this Court typically sees motions for writ of garnishment filed as part of the public record, *see, e.g.*, *Ibew Local No. 64 Pension Fund,* Case No. 1:10-cv-467, Doc. 24; *Abrahamson v. Jones,* Case No. 1:16-cv-712, Doc. 29; Plaintiff's ex parte filing of his motion for writ of garnishment is procedurally within the bounds of Ohio law.

The report and recommendations also recommends dismissal of Plaintiff's motion for writ of garnishment on the grounds that the motion lacks merit. The report and recommendations explains that service of the default judgments against judgment debtors

POS and Wolmuth "remains unclear," that Plaintiff has continually added new allegations about the relationships between the various defendants in this case since the case began, and that Plaintiff's case is generally based on "ambiguous theories." (*See* Doc. 101, at 12–14). The undersigned shares the magistrate judge's general skepticism regarding the strength of Plaintiff's case. However, in the case of the present motion for writ of garnishment, the fact remains that a default judgment has been granted against the judgment debtors and in favor of Plaintiff. Plaintiff's affidavit in support of his motion, while brief, states that Fifth Third Bank may be in possession of money or property belonging to judgment debtors POS and Shawn Wolmuth, which meets the requirements of the Ohio statute governing garnishment. O.R.C. § 2716.11. It may be true that, due to issues with service or with the strength of Plaintiff's claims, Plaintiff will not ultimately be entitled to collect from either of the judgment creditors at issue here even if Fifth Third Bank possesses their assets. However, the judgment debtors will have to raise any arguments to that effect at the garnishment hearing.

Accordingly, Plaintiff's ex parte motion for writ of garnishment (Doc. 99) is granted.

### C.     Plaintiff's amended motion for discovery in aid of execution of judgment

The third motion addressed by the magistrate judge's report and recommendations is a motion for discovery in aid of execution of judgment. (Doc. 100). The motion seeks an Order requiring the three major credit reporting institutions (TransUnion, Equifax Inc., and Experian Information Solutions Inc.) to provide to Plaintiff a copy of their credit

report for judgment debtor Shawn Wolmuth. (*Id.*). Both the magistrate judge and Plaintiff are in agreement that the motion should be granted. The Court finds the analysis of this motion contained in the report and recommendations to be well taken, and therefore adopts the report and recommendations of the magistrate judge in full with respect to this motion.

Accordingly, Plaintiff's amended motion for discovery in aid of execution of judgment (Doc. 100) is granted.

## III.    CONCLUSION

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such report and recommendations should be and is hereby adopted in part. Accordingly, **IT IS ORDERED** that:

1) Plaintiff's motion for contempt (Doc. 95) is **DENIED**;

2) The U.S. Marshal shall deliver personal service of the following documents upon the registered agent for Waycross South Properties, LLC: a) a copy of the subpoena issued to Waycross South Properties, LLC on June 10, 2016 (Doc. 87-1); b) a copy of magistrate judge's October 6, 2016 order to compel (Doc. 90)' c) a copy of the magistrate judge's most recent report and recommendations (Doc. 101); and d) a copy of this Order. This delivery shall be at the Court's expense;

3) Plaintiff's ex parte motion for writ of garnishment (Doc. 99) is **GRANTED**. The magistrate judge is instructed to effectuate service of the writ in accordance with Ohio law;

4) Plaintiff's amended motion for discovery in aid of execution of judgment (Doc. 100) is **GRANTED**. TransUnion, Equifax Inc., and Experian Information

Solutions Inc. are **ORDERED** to disclose to Plaintiff any credit report they possess for judgment debtor Shawn Wolmuth;

5) Plaintiff's motion for ruling on his objections to the report and recommendations (Doc. 103) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: 6/5/17

Timothy S. Black
United States District Judge